**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2001 DEC 14  A II: 25

U.S. DISTRICT COURT
DIST        MASS.

| | |
|---|---|
| EILEEN TETRAULT AS SHE IS THE FUND MANAGER OF THE TEAMSTERS LOCAL 404 HEALTH SERVICES AND INSURANCE PLAN, )<br><br>Plaintiff )<br><br>v. )<br><br>COHEN BROTHERS, INC., )<br><br>Defendant )<br><br>and )<br><br>FLEET BOSTON, )<br><br>Trustee ) | C.A. No.<br><br>**01 - 30219 - MAP** |

FILING FEE PAID:
RECEIPT # 304719
AMOUNT $ 150.00
BY DPTY CLK MBL
DATE 12/14/01

**VERIFIED COMPLAINT AND APPLICATION FOR A**
**TEMPORARY RESTRAINING ORDER**

**Jurisdiction and Venue**

1.    Plaintiff invokes the jurisdiction of the Court pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3) (hereinafter, "ERISA"), and federal common law, 29 U.S.C. §1331.

2.    Venue is proper in this District Court pursuant to ERISA Section 502(3)(2), 29 U.S.C. §1132(e)(2), because, inter alia, the relevant employee welfare benefit plan is administered in this District, and also, pursuant to 28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

DOCKETED

①

**Parties**

3.      Eileen Tetrault (hereinafter, "Plaintiff") is the Fund Manager of the Teamsters Union 404 Health Services and Insurance Plan (hereinafter, "Plan").  She is a fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and she is authorized to bring this action on behalf of the Plan.

4.      The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. § 1002(1).  The Plan exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries.  The Plan has its principal office and is administered from 115 Progress Avenue, Springfield, Massachusetts 01101.

5.      Cohen Brothers, Inc. (hereinafter, "Defendant") is a corporation with a usual place of at 846 Bay Street, Springfield, Massachusetts 01109.

**Facts**

6.      Throughout all times relevant herein, Defendant has been obligated to make contributions to the Plan in accordance with the terms of a collective bargaining agreement ("Agreement") in effect between Defendant and the Teamsters Local Union No. 404, said contributions to be made on behalf of each employee of the Defendant performing work within the scope of and/or covered by that collective bargaining agreement executed by the Defendant and Teamsters Local Union No. 404 (hereinafter, "Local 404").  A copy of the Agreement executed by Defendant and Local 404, effective January 1, 1998, is attached hereto as Exhibit "A".

7.      Article XIX, Paragraph 190 of the Agreement states:

> "Commencing with the first day of January 1998 and for the duration of the current collective bargaining agreement and any renewals or extensions thereof, the employer agrees to make payments to the Teamsters Health Services and Insurance Plan of Local 404 for each and every employee performing work within the scope of and/or covered by this collective bargaining agreement..."

8. Based upon an audit of the payroll records of Cohen Brothers for Local 404 for the period of January 1998 to December 2000, the Defendant has failed to contribute to the Plan for all payroll hours as required by the collective bargaining agreement and owes the Fund $2,890.89 for this audit delinquency.

9. Despite repeated requests by the Plan for payment of the sum due, Defendant has failed and refused to remit the sum due.

10. Defendant has also failed and refused to make any contributions to the Plan for the period July 1, 2001 to the present and continuing. Based on Defendant's prior contribution level, it is estimated that Defendant owes $22,500 for the period July 1, 2001 to November 30, 2001 and approximately $4,500 for the month of December or a total of $28,000 for the period set forth in this paragraph.

11. On or about December 5, 2001, the Union learned through happenstance that the Defendant had notified its employees of its intention to sell the business and close or discontinue operations no later than December 31, 2001.

### Likelihood of Success on the Merits

12. In light of the Defendant having executed the collective bargaining agreement with the Union, its having failed to make contributions to the Plan in accordance with that agreement, and ERISA § 502(a) providing a cause of action for the enforcement of contribution obligations for ERISA plans, Plaintiff asserts that there is a substantial likelihood that it will be successful on the merits of this suit.

### Irreparable Harm

13. Plaintiff will suffer irreparable harm in the absence of injunctive relief and has no adequate remedy at law. In the absence of injunctive relief Defendant will sell, transfer, or otherwise dispose of its assets. Plaintiff has no insurance or security that will be available to

3

satisfy a judgment that is likely to issue in its favor.  Consequently, unless this Court enters an injunction enjoining the Defendant from disposing of the proceeds of the sale of its assets in an amount sufficient to satisfy a judgment against it, the Plaintiff will be left without any means of satisfying a judgment in its favor.  The lack of contributions to the Plan will also impact negatively the eligibility of members of the bargaining unit for health insurance and related benefits.

### Balance of the Equities

14.	Greater harm will be borne by the Plaintiff in the absence of an injunction than will be suffered by the Defendant if an injunction is issued.  As detailed above, the lack of equitable relief will leave the Plan without any effective remedy.   Plaintiff seeks only an injunction restraining Defendant's disposition of so much of the proceeds as are necessary to satisfy the judgment.

### COUNT I

### (Enforcement of 29 U.S.C. §1145)

15.	Plaintiff reavers every allegation contained in paragraphs 1 through 13 therein.

16.	Plaintiff is entitled to recover Defendant's unpaid and delinquent contributions plus interest, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. §§1132 and 1145.

### COUNT II

### (Enforcement of the Plan's Terms)

17.	Plaintiff reavers every allegation contained in paragraphs 1 through 15 therein.

18.	Defendant, Cohen Brothers, Inc., has violated the terms of the Plan by failing to contribute $2980.84 to the Plan during the period January 1998 to December 2000 and approximately $28,000 for the period from July 1, 2001 to December 2001.

4

19.   Plaintiff is entitled to enforcement of the Plan's terms pursuant to 29 U.S.C. §1132(a)(3).

## CLAIMS FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court grant the following, as provided for by Rule 65.(b) and 29 U.S.C. §§1132(a)(3) and §1132(g)(2):

(1)   A temporary restraining order enjoining the Defendant from transferring, alienating or otherwise disposing of the first $40,000 realized from any sale of assets pending a further hearing in this court.

(2)   A judgment in favor of Eileen Tetrault, as Fund Manager of the Teamsters Union 404 Health Services and Insurance Plan, and against Cohen Brothers, Inc. encompassing;

    (a)   The unpaid contributions owed by Defendant to the Plan;

    (b)   Interest on the unpaid contributions;

    (c)   An amount equal to the greater of:

        (i)   Interest on the unpaid contributions, or

        (ii)   Liquidated damages in the amount of 20% of the unpaid contributions;

    (d)   Attorneys' fees and costs; and



(3)    Such other and equitable relief as the Court finds appropriate.

            Respectfully Submitted,
            EILEEN TETRAULT, in her capacity as
            Fund Manager for the Teamsters Local 404
            Health Services and Insurance Plan
            By her attorneys,

            Matthew E. Dwyer
            BBO # 139840
            Laurie A. Frankl
            BBO # 647181
            Dwyer, Duddy and Facklam
            Attorneys at Law, P.C.
            One Center Plaza, Suite 360
            Boston, MA  02108
            617-723-9777

\\DJSERVER\DATA\L404HSIP\CohenBros\pleadings\complaint.doc

## VERIFICATION

We, the undersigned, have read the above complaint and make oath that the allegations contained therein are true of my own personal knowledge.

Dated: December /4 , 2001

_____Frank Gentile_____
Frank Gentile, President
Teamsters Local 404

Dated: December ____, 2001

_____Eileen Tetrault_____
Eileen Tetrault, Fund Manager
Teamsters Local 404
Health Services and Insurance Plan

\\djserver\data\l404hsip\cohenbros\pleadings\complaint.doc:blg

7